**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4152**

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

  v.

PHILLIP MICHAEL THOMAS BURTON,

      Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:11-cr-00411-MOC-1)

Submitted: October 16, 2014   Decided: October 20, 2014

Before MOTZ, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Seth Neyhart, Chapel Hill, North Carolina, for Appellant. Thomas A. O'Malley, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Michael Thomas Burton pled guilty to conspiracy to import MDMA or Ecstasy and importation of MDMA or Ecstasy. In April 2009, the district court sentenced Burton to forty-two months' imprisonment, to be followed by thirty-six months of supervised release. In December 2011, Burton was released from incarceration. In January 2014, Burton was before the district court on a supervised release violation. The court found that Burton committed a Level A violation based on an incident that involved his arrest for possession of 108 grams of marijuana. The court revoked his supervised release and imposed a twenty-one-month sentence. Burton's counsel has filed a brief pursuant to Anders v. California, 686 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the court clearly erred in determining that Burton committed the Grade A violation and whether the sentence was plainly unreasonable. Finding no clear error, we affirm.

We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke release, the district court must find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012). We review for clear error factual findings underlying the conclusion that a violation of the terms of

2

supervised release occurred. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

We conclude that the district court did not abuse its discretion in finding that Burton violated the conditions of supervised release by possessing marijuana. The Government presented evidence that police officers found a mason jar full of marijuana in the car in which Burton was driving and that a strong aroma of marijuana came from the car and Burton's person. Based on this and other evidence, the district court found it more likely than not that Burton possessed the marijuana. Possession can be actual or constructive. United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996). Constructive possession can be shown by evidence of dominion and control over the drugs themselves or over the premises or vehicle in which the contraband is found. United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992).

Viewed in the light most favorable to the Government, see United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010), we find no clear error in the district court's determination that Burton committed the Grade A violation of his supervised release. See United States v. White, 620 F.3d 401, 410 (4th Cir. 2010); see also United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (providing that court of appeals will not reverse factual finding if district court's view of the evidence

is plausible in light of the totality of the evidence, even if the appeals court would have resolved the facts differently).

Next, Burton specifically questions whether the district court correctly calculated his criminal history category and whether the court sufficiently articulated the reasons for the sentence imposed. He also generally questions the substantive reasonableness of his sentence.

The district court has broad discretion in determining a sentence upon revocation of supervised release. United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). In examining a sentence imposed upon revocation of supervised release, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). We will affirm a revocation sentence that falls within the statutory maximum, unless we find the sentence to be "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In reviewing a revocation sentence, we must first determine "whether the sentence is unreasonable," using the same general analysis employed to review original sentences. Id. at 438. Only if we find a sentence to be procedurally or substantively unreasonable will we determine whether the sentence is "plainly" so. Id. at 439.

4

A revocation sentence is procedurally reasonable if the district court has considered both the applicable 18 U.S.C. § 3553(a) (2012) factors and the policy statements contained in Chapter Seven of the Guidelines. Crudup, 461 F.3d at 440. The district court also must provide an explanation of its chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We have reviewed the record and conclude that the sentence imposed by the district court was not plainly unreasonable.

We therefore affirm the revocation judgment and the twenty-one-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5